UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**PEORIA DIVISION**

| | |
|---|---|
| JIMMY SANTIAGO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-1176 |
| ) | |
| RICK VEACH, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Jimmy Santiago's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By a Person in Federal Custody [Doc. #1]; Motion for Leave to Conduct Discovery and Request for Production [Doc. #5]; and Motion for Stay of Transfer [Doc. #14]. For the reasons that follow, Santiago's Habeas Petition and Motions are all DENIED.

### I.
#### BACKGROUND

Santiago is a federal prisoner currently serving time at the Federal Correctional Institution ("FCI") Pekin, Illinois, for conspiracy to possess with intent to distribute more than 50 grams of cocaine base. On July 15, 1994, he was sentenced to 360 months of imprisonment and his projected good conduct release date is February 15, 2020.

The following facts are undisputed. On January 18, 2004, Officer Sims conducted a search of Santiago's cell at FCI Pekin,

Illinois, and found illustrations on how to make a book bomb located in his locker. As a result, Santiago was charged with violating Bureau of Prisons ("BOP") Code 305 for "possession of anything not authorized." 28 C.F.R. § 541.13, Table 3. Santiago received a copy of the incident report the following day.

On January 22, 2004, the incident report was suspended because the incident was referred to the FBI for possible prosecution. Following an investigation, the FBI decided not to pursue the matter. On February 19, 2004, the incident report was referred back to FCI Pekin, Illinois officials and released for administrative processing.

On the following day, the Unit Disciplinary Committee (UDC) conducted a hearing. At the hearing, Santiago openly admitted to drawing the sketches discovered in his locker and stated:

> I found a catalog in the trash and drew the pictures from it. I also wrote book numbers from the catalog because I was curious. The Lt. has the catalog now. I don't know why I did it.

Based on the severity of the charge, the incident report and supporting documentation, the UDC referred the matter to the Discipline Hearing Officer ("DHO") and recommended the charge be increased to "possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive or any ammunition" in violation of BOP Code

104A.  28 C.F.R. § 541.13, Table 3.[1]  The UDC also recommended sanctions in the form of disciplinary segregation and loss of good-time credits.

On February 25, 2004, the DHO held a hearing.  Santiago was advised of his rights before the DHO, waived his right to a staff representative, and requested no witnesses.  At the hearing, Santiago admitted to drawing the diagrams and explained that he had copied them from a catalog found in his living unit.  He furthered denied attempting to possess or manufacture an explosive device.

Following the hearing, the DHO found Santiago guilty of "attempted possession or manufacture of an explosive device" in violation of BOP Code 104A.  The DHO specifically relied on the reporting officer's statement, the actual diagram depicting the book bomb, a listing of book titles regarding explosives, the catalog, and Santiago's admissions.  As a result, Santiago was sanctioned with 60 days in disciplinary segregation and the loss of 40 days of good-time credit.  Santiago then proceeded to exhaust his administrative appeals with no success.

On June 13, 2005, Santiago filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By a Person

---

[1] The note in Table 3 states that "*attempting* to commit any of these offenses, and *making plans* to commit any of these offenses, in all categories of severity, shall be considered the same as a commission of the offense itself."

in Federal Custody [Doc. #1]. In his Habeas Petition, Santiago alleges that the revocation of his good-time credits violated both his procedural and substantive due process rights. In particular, he claims his procedural due process rights were violated because there was insufficient evidence for the DHO to find him guilty of the alleged charge. On the other hand, he claims his substantive due process rights were violated because he should have been charged with a lower category of offense level and the application of BOP Code 104A to him was arbitrary and capricious. As relief, Santiago requests this Court set aside the DHO's finding of guilt as unconstitutional, restore the 40 days of good-time credits, and provide him with any other fair, just, and equitable relief available.

On July 8, 2005, Santiago also filed the instant Motion for Leave to Conduct Discovery and Request for Production [Doc. #5]. In his Motion, Santiago seeks discovery and production of: (1) copies of pages from *National Loompanics Catalog* ("Catalog") depicting a diagram of a book bomb; and (2) handwritten sketches depicting a diagram of a book bomb, along with book numbers of other publications listed in the Catalog that deal with explosives.

Finally, on March 13, 2006, Santiago filed the instant Motion for Stay of Transfer [Doc. #14]. He requests that this

Court issue an order directing Respondent to cease any possible transfer of him until his Habeas Petition has been decided.

Since Santiago has exhausted his available administrative remedies, this Court can proceed on the merits.

## II.
### ANALYSIS

Before analyzing Santiago's Habeas Petition, the Court must first determine whether there is "good cause" to permit him to conduct limited discovery to prove the merits of his constitutional claims; otherwise, a decision on the merits may be premature. See Bracy v. Gramley, 520 U.S. 899, 909 (1997) ("it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry").  However, to determine whether "good cause" exists, the Court must nonetheless conduct a cursory examination of the "essential elements" of the constitutional claims at issue. See Bracy, 520 U.S. at 904.

It is well-settled that prisoners have a protected liberty interest in good-time credits that cannot be taken away without the minimal safeguards of due process. Ponte v. Real, 471 U.S. 491, 495 (1985); Wolff v. McDonnell, 418 U.S. 539 (1974). Among other things, due process requires that "a decision to revoke such credits must be supported by some evidence." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). In addition, "[t]he touchstone of due process

is protection of the individual against arbitrary action of government[.]" <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974). Therefore, to make out his procedural and substantive due process claims, Santiago must show that there is **no** evidence in the record to support his conviction under BOP Code 104A. For, if there is, then the procedures afforded were sufficient and it cannot be said that BOP Code 104A was applied to him in an arbitrary and capricious fashion.

Now that the Court has identified exactly what Santiago must prove to succeed on his constitutional claims, it can be determined whether the limited discovery requested is likely to produce such proof.

**A. Santiago's Request to Conduct Discovery**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." <u>Bracy</u>, 520 U.S. at 904. However, Rule 6(a) of the Rules Governing § 2254 Cases[2] provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for **good cause** shown grants leave to do so, but not otherwise." <u>See</u> <u>Bracy</u>, 520

---

[2] Although Rule 6(a), by its terms, applies only to habeas cases brought under § 2254, Rule 1(b) of the Rules Governing § 2254 Cases permits federal courts to apply this rule to habeas petitions brought under a different section, such as § 2241. See, e.g., <u>Momennia v. Estrada</u>, 2003 U.S. Dist. LEXIS 8651, at *2 (N.D. Tex. May 21, 2003).

U.S. at 904.  "Good cause, however, cannot exist where the facts [to be discovered] do not provide a basis for relief." <u>Hubanks v. Frank</u>, 392 F.3d 926, 933 (7th Cir. 2004), <u>cert. denied</u>, 125 S. Ct. 1998 (2005).

In his Motion for Leave to Conduct Discovery and Request for Production, Santiago seeks copies of the very materials that led to his conviction: (1) pages from the Catalog depicting a diagram of a book bomb; and (2) handwritten sketches of a book bomb, along with book numbers of other publications listed in the Catalog that deal with explosives. Santiago claims that "[w]ith these discoverable materials, [he] will conclusively prove the allegations within his habeas petition, that he merely copied the pages from a magazine."  [Doc. #5, pg. 2].

However, Santiago has failed to demonstrate the exculpatory value of the materials he is requesting.  <u>See</u> <u>Meeks v. McBride</u>, 81 F.3d 717, 720 (7th Cir. 1996) (indicating that exculpatory evidence can be considered if it directly undermines the evidence in the record).  Whether or not he copied the diagram of the book bomb from the pages of the Catalog is not at issue. Indeed, he has already admitted to this fact and the DOH relied on this very admission in reaching its decision.  Instead, Santiago must show how these materials will prove that there is **no** evidence in the record to support his conviction for "attempting to possess or manufacture an explosive devise" under BOP Code 104A.  The mere fact that he copied the diagram of the

book bomb from the Catalog does not in any way indicate that he did not attempt to possess or manufacture an explosive device. Therefore, this Court does not see how simply giving him access to the very materials that were confiscated from him will in any way prove that the record is devoid of **any** evidence in support of his conviction.

As such, Santiago has failed to demonstrate "good cause" for limited discovery and his Motion for Leave to Conduct Discovery and Request for Production [Doc. #5] is DENIED.

**B.    Santiago's Habeas Petition**

As previously discussed above, Santiago alleges that his procedural and substantive due process rights were violated when his conviction under BOP Code 104A resulted in the revocation of his good-time credits.  To make out such a claim, Santiago must demonstrate that there is **no** evidence in the record to support his conviction for "attempting to possess or manufacture an explosive devise."

In ascertaining whether there is at least "some evidence" in the record to support the conviction, this Court is "not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence[;]" instead, "due process is satisfied as long as the record is not so devoid of evidence that the findings of the [DHO] were without support or otherwise arbitrary."  Meeks, 81

F.3d at 719 (internal quotations omitted). Therefore, this Court "will overturn the DHO's decision only if no reasonable adjudicator could have found [Santiago] guilty of the offense on the basis of the evidence presented." Henderson v. United States Parole Comm'n, 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, the record indicates that the DHO relied upon the following evidence in reaching its decision:

(1) the reporting officer's incident report and statement regarding the materials found in Santiago's locker described below;

(2) handwritten illustrations with Santiago's name on it depicting a diagram on how to make a book bomb -- showing the location of plastic explosions, the detonator, the battery, the contact plates, the divider separating the book plates, and the wires connecting them;

(3) a page listing the following book titles: *Middle Eastern Terrorist Bomb Designs* #32062, *Bazooka = How to Build Your Own* #19211, and *From Chocolate to Morphine* #58172;

(4) Santiago's handwriting sample that matched the diagrams and listing of book titles;

(5) a *National Loompanics* Catalog admittedly found by Santiago in a garbage can in his living unit -- containing a list of publications dealing with explosives including an entry on page 101 entitled *Middle Eastern Terrorist Bomb Designs* which matched the handwritten diagrams of the book bomb found in Santiago's possession;

(6) Santiago's admission that the materials found were his including the handwritten diagram of the book bomb; and

(7) a summarization of staff memos and inmate statements.

Based on this evidence, the DHO concluded that "[Santiago's] admission to drawing the diagram of the book bomb, coupled with

9

a list of books regarding bomb designs and weapons, show an attempt by [Santiago] to possess information on the items described." [DHO Report, sec. V.].

Santiago argues that the mere fact that he possessed the Catalog and made drawings of the illustrations contained therein is insufficient to establish his guilt for "attempting to possess or manufacture an explosive devise" under BOP Code 104A. Although there appears to be only a loose causal connection between Santiago's possession of the materials in dispute and any possible attempt he may have made "to possess or manufacture an explosive device," this court cannot say that there is no evidence contained in the record. The fact that the evidence appears to be somewhat meager is of no concern, since the Seventh Circuit has empathically stated that "[e]ven 'meager' proof will suffice[.]" Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

Therefore, this Court finds that there is "some evidence" in the record to support Santiago's conviction for "attempting to possess or manufacture an explosive device" under BOP Code 104A. As a result, Santiago's procedural due process claim will be DENIED.

Furthermore, because this Court has already found that there is "some evidence" in the record to support Santiago's

conviction under BOP Code 104A, it cannot be said that the application of this category of offense level to Santiago under these circumstances was arbitrary and capricious. As a result, Santiago's substantive due process claim must also be DENIED.

**C.   Santiago's Motion for Stay of Transfer**

Because Santiago's Habeas Petition is denied, his Motion for Stay of Transfer is now MOOT and will be DENIED as such.

IT IS THEREFORE ORDERED that Santiago's Motion for Leave to Conduct Discovery and Request for Production [Doc. #5] is DENIED.

IT IS FURTHER ORDERED that Santiago's Petition for Writ of Habeas Corpus [Doc. #1] is DENIED.

IT IS ALSO ORDERED that Santiago's Motion for Stay of Transfer [Doc. #14] is DENIED AS MOOT.

Entered this  31st  day of March, 2006.


                            ___ /s/ Joe B. McDade __
                                JOE BILLY McDADE
                                United States District Judge