UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**PEORIA DIVISION**

| | |
|---|---|
| JIMMY SANTIAGO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 05-1176 |
| | ) |
| RICK VEACH, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Petitioner, Jimmy Santiago's Motion to Alter or Amend the Judgment of March 31, 2006, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Motion for Reconsideration") [Doc. #18].

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Indus., 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. See id. at 1270. A Rule 59(e) motion should be granted if there exists "a manifest error of law or fact," so as to enable "the court to correct its own errors and thus avoid unnecessary appellate procedures." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996).

Petitioner does not demonstrate that this Court committed a

"manifest error of law or fact" in reaching its decision to deny his Habeas Petition, nor does he attempt to present "newly discovered evidence" regarding the instant matter. Instead, he simply argues that there is *no* evidence in the record to support his conviction for "attempting to possess or manufacture an explosive devise" in violation of Bureau of Prisons ("BOP") Code 104A. See 28 C.F.R. § 541.13, Table 3.

This same argument, however, was expressly rejected by this Court in concluding that there was indeed "some evidence" in the record to support Santiago's conviction for "attempting to possess or manufacture an explosive device," as required by the Supreme Court in Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). See [Doc. #16, pgs. 10-11]. As this Court explained above, attempting to rehash previously rejected arguments is inappropriate in a motion to reconsider. See Caisse Nationale de Credit, 90 F.3d at 1270. Therefore, Petitioner's Motion for Reconsideration is denied.

IT IS THEREFORE ORDERED that Petitioner's Motion to Alter or Amend the Judgment of March 31, 2006, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Motion for Reconsideration) [Doc. #18] is DENIED.

Entered this  13th  day of April, 2006.

                                                __/s/ Joe B. McDade__
                                                   JOE BILLY McDADE
                                        United States District Judge